IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RHONDA STELLY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-2382 |
| | § | |
| INTERNATIONAL LONGSHOREMEN'S | § | |
| ASSOCIATION LOCAL 21, and | § | |
| INTERNATIONAL LONGSHOREMEN'S | § | |
| ASSOCIATION - #1316, | § | |
| | § | |
| Defendants. | § | |

### VERDICT

We, the Jury, find in this case, unanimously, as indicated in the answers to the foregoing Questions.

SIGNED at Houston, Texas, on this 18 day of April, 2019.


———
FOREPERSON OF THE JURY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RHONDA STELLY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-2382 |
| | § | |
| INTERNATIONAL LONGSHOREMEN'S | § | |
| ASSOCIATION LOCAL 21, and | § | |
| INTERNATIONAL LONGSHOREMEN'S | § | |
| ASSOCIATION - #1316, | § | |
| | § | |
| Defendants. | § | |

## COURT'S INSTRUCTIONS TO THE JURY

**Members of the Jury:**

### General Instructions

Now that you have heard the evidence, my duty is to give you the instructions of the Court on the law that you must apply to this case.  It is your duty as jurors to follow the law as I give it to you in these instructions and to apply these rules of law to the facts you find from the evidence in the case.  You are not to single out one instruction alone as stating the law; rather, you must consider the instructions as a whole.

Regardless of any opinion you may have as to what the law should be, you would violate your sworn duty if you based a verdict upon any view of the law other than that given in the instructions of the Court.  You are therefore not to be concerned with the

wisdom of any rule of law stated by the Court. Similarly, you would violate your sworn duty as judges of the facts if you based your verdict upon anything other than the evidence in this case. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case. Further, nothing in these instructions to you is made for the purpose of suggesting or conveying to you what verdict I think you should find. You, the Jury, are the sole and exclusive judges of the facts.

Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation, a union, and all other persons are equal before the law and must be treated as equals in a court of justice.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question required to be answered from the facts as you find them. Do not decide who you think should win and then answer the question accordingly. All of the jurors must agree with the answer for you to return a verdict.

Unless I otherwise instruct you, answer all questions from a **preponderance of the evidence**. By this is meant the greater weight

and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

An important part of your job will be making judgments about the testimony of the witnesses.  You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.  In making that decision, I suggest that you ask yourself a few questions:  Did the person impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with any party to the case?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he or she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

3

In determining the weight to give to the testimony of a witness, you should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence--such as testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of facts or circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## SPECIAL INSTRUCTION NO. 1

### Discrimination on the Basis of Sex--Hostile Work Environment

Plaintiff Rhonda Stelly complained that she was sexually harassed by Paul Duriso, former assistant business agent of ILA Local 21 and Trustee of ILA #1316, and another longshoreman, Donald Haggerty, which resulted in their suspensions from the industry on June 2, 2015. This instruction and Questions Nos. 1 and 2 that follow pertain to what happened after those suspensions. Plaintiff claims that Duriso and Haggerty returned to the hiring halls of ILA Local 21 and ILA #1316 after their suspensions and that both they and others, including James Eli, a union member and former President of ILA Local 21, Francis Davis, and others persisted in sexual harassment by subjecting her to a hostile work environment; and that Defendants ILA Local 21 and ILA #1316 discriminated against Plaintiff by failing adequately to prevent such harassment. Defendants deny Plaintiff Stelly's claims.

It is unlawful for a labor organization to discriminate against any individual because of her sex, or to cause or attempt to cause an employer to discriminate against an individual because of her sex. 42 U.S.C. § 2000e-2(c)(1) and (3). Sexual harassment may constitute discrimination on the basis of sex when it is sufficiently severe or pervasive to alter the terms and conditions of the victim's employment and create a hostile or abusive work environment.

6

A labor organization has no affirmative duty to investigate and take steps to remedy sexual harassment by an employer or by individual members of the labor organization, even when the harassment creates a hostile work environment. However, a labor organization is liable for discrimination when the labor organization itself is responsible for creating a hostile work environment for a member because of the member's sex by instigating or actively supporting the discriminatory acts.

For Defendants ILA Local 21 or ILA #1316 to be liable for sexual harassment, Plaintiff must prove by a preponderance of the evidence that Plaintiff was subjected to sexual harassment in connection with her job as a longshoreman, and:

1.   the conduct was sufficiently severe or pervasive to:

    a.   alter the terms and conditions of Plaintiff Stelly's employment; and

    b.   create a hostile or abusive work environment; and

2.   Defendant ILA Local 21 and/or ILA #1316 created the hostile or abusive work environment by instigating or actively supporting the discriminatory acts.

To determine whether the conduct in this case rises to a level that altered the terms or conditions of Plaintiff's employment, you should consider all of the circumstances, including:  the frequency of the conduct; its severity; whether it was physically threatening or humiliating, or a mere offensive utterance; and whether it

7

unreasonably interfered with Plaintiff's work performance.  There
is no requirement that the conduct be psychologically injurious.

Harassment may include extremely insensitive conduct based on
sex.  Although sexual harassment must be based on sex, it need not
be motivated by sexual desire.  Simple teasing, offhand comments,
sporadic use of offensive language, occasional jokes related to
sex, and isolated incidents (unless extremely serious) will
generally not amount to discriminatory changes in the terms and
conditions of employment.  But discriminatory intimidation,
ridicule, unwelcome sexual advances, requests for sexual favors, or
other verbal or physical conduct because of Plaintiff's sex may be
sufficiently extreme to alter the terms and conditions of
employment.

In determining whether a hostile work environment existed, you
must consider the evidence both from Plaintiff's perspective and
from the perspective of a reasonable person.  First, Plaintiff must
actually find the conduct offensive.  Next, you must look at the
evidence from the perspective of a reasonable person's reaction to
a similar environment under similar circumstances.  You cannot view
the evidence from the perspective of an overly sensitive person.
Nor can you view the evidence from the perspective of someone who
is never offended.  Rather, the alleged harassing behavior must be
such that a reasonable person in the same or similar circumstances
as Plaintiff would find the conduct offensive.

8

## QUESTION NO. 1

Did Defendant ILA Local 21 instigate or actively support sexual harassment of Plaintiff Stelly that was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create a hostile or abusive work environment?

Answer "Yes" or "No."

Answer: _____ YES _____

## QUESTION NO. 2

Did Defendant ILA #1316 instigate or actively support sexual harassment of Plaintiff Stelly that was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create a hostile or abusive work environment?

Answer "Yes" or "No."

Answer: _____ YES _____

9

## SPECIAL INSTRUCTION NO. 2

### Title VII - Retaliation by Defendant ILA Local 21

Plaintiff claims that she was retaliated against by Defendant ILA Local 21 for engaging in activity protected by Title VII of the Civil Rights Act of 1964. Plaintiff claims that because she made sexual harassment claims against Paul Duriso and Donald Haggerty, which resulted in their suspensions, that ILA Local 21 retaliated against her in various ways, including by allowing Duriso to return to the hiring hall after his suspension from the industry; by allowing a board member, James Eli, during union meetings to denigrate Plaintiff because of the consequences of charges that Plaintiff made against Duriso and Haggerty, to encourage threatening behavior towards Plaintiff, and to request the Board's vote for Plaintiff's suspension from the industry; by allowing threatening behavior to go unpunished or without investigation when dozens of copies of an anonymous threatening letter against Plaintiff were taped on the walls of Defendant's hiring hall and were left on the hiring hall table; and/or by initially refusing, but later providing late notice of a meeting called by West Gulf Maritime Association on September 10, 2018 to investigate the sexual harassment charges Plaintiff made against a longshoreman, Louis Cole.

Defendant ILA Local 21 denies Plaintiff's claims and contends that it did not engage in conduct constituting retaliation towards

Plaintiff under Title VII and any occurrences Plaintiff complains of were not engaged in by Defendant ILA Local 21.

It is unlawful for a labor organization to retaliate against a member for engaging in activity protected by Title VII. To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that:

1.  Plaintiff engaged in protected activity, specifically that she made sexual harassment charges against Paul Duriso and Donald Haggerty;

2.  Defendant ILA Local 21 took a materially adverse action against Plaintiff; and

3.  Defendant ILA Local 21 took the materially adverse action because of Plaintiff's protected activity.

You must decide whether any of the actions about which Plaintiff complains were proven and, if so, whether such is a materially adverse action. A materially adverse action is an action that would have made a reasonable member reluctant or fearful to make or support a charge of discrimination. Only if a reasonable employee would be less likely to complain about or oppose alleged discrimination because she knew that Defendant ILA Local 21 would take said action, is that action a materially adverse action.

You need not find that the only reason for Defendant ILA Local 21's decisions was Plaintiff's sexual harassment charges

11

against Paul Duriso and Donald Haggerty.  But you must find that Defendant ILA Local 21's materially adverse actions against Plaintiff would not have occurred in the absence of--but for--her filing sexual harassment charges against Duriso and Haggerty.

If you disbelieve the reason Defendant ILA Local 21 has given for its decision(s) you may, but you are not required to, infer that Defendant ILA Local 21 would not have permitted the retaliatory actions against Plaintiff but for her engaging in the protected activity.

12

## QUESTION NO. 3

Do you find from a preponderance of the evidence that Defendant ILA Local 21 took a materially adverse action against Plaintiff Stelly?

Answer "Yes" or "No."

Answer: _____ YES _____


If you have answered "yes" to Question No. 3, then proceed to answer Question No. 4; if you have answered "no" to Question No. 3, then proceed to Special Instruction No. 3.


## QUESTION NO. 4

Do you find that Defendant ILA Local 21 would not have taken a materially adverse action against Plaintiff Stelly but for her charges of sexual harassment against longshoremen Duriso and Haggerty?

Answer "Yes" or "No."

Answer: _____ YES _____

13

## SPECIAL INSTRUCTION NO. 3

### Title VII - Retaliation by Defendant ILA #1316

Plaintiff Stelly claims that she was retaliated against by Defendant ILA #1316 for engaging in activity protected by Title VII of the Civil Rights Act of 1964.  Plaintiff claims that because she made sexual harassment claims against Duriso and Haggerty, which resulted in their suspensions, that Defendant ILA #1316 retaliated against her in various ways, including by ILA #1316 gang foreman Ronnie Mickles ordering Plaintiff to cut and to twist wire used on rail paper pulp cars by herself, when this job is usually done by two workers for safety reasons.

Defendant ILA #1316 denies Plaintiff's claims and contends that the actions alleged by Plaintiff either are false or do not meet the elements of Title VII retaliation.

It is unlawful for a labor organization to retaliate against a member for engaging in activity protected by Title VII.  To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that:

1.   Plaintiff engaged in protected activity, specifically, that she made sexual harassment charges against Paul Duriso and Donald Haggerty;

2.   Defendant ILA #1316 took a materially adverse action against Plaintiff; and

14

3.  Defendant ILA #1316 took the materially adverse action because of Plaintiff's protected activity.

You must decide whether any of the actions about which Plaintiff complains were proven and, if so, whether such is a materially adverse action.  As noted previously, a materially adverse action is an action that would have made a reasonable member reluctant to make or support a charge of discrimination. Only if a reasonable employee would be less likely to complain about or oppose alleged discrimination because she knew that Defendant ILA #1316 would take a particular action, is that action a materially adverse action.

You need not find that the only reason for Defendant ILA #1316's decisions was Plaintiff Stelly's sexual harassment charges against Paul Duriso and Donald Haggerty.  But you must find that Defendant ILA #1316's materially adverse actions would not have occurred in the absence of--but for--her making sexual harassment charges against Paul Duriso and Donald Haggerty.

If you disbelieve the reason Defendant ILA #1316 has given for its decisions you may, but you are not required to, infer that Defendant ILA #1316 would not have decided to send Plaintiff Stelly to work alone cutting and twisting wire on rail pulp cars, but for her engaging in the protected activity.

15

## QUESTION NO. 5

Do you find from a preponderance of the evidence that Defendant ILA #1316 took a materially adverse action against Plaintiff Stelly?

> Answer "Yes" or "No."
>
> Answer: _____*YES*_____

If you have answered "Yes" to Question No. 5, then proceed to answer Question No. 6; if you have answered "No" to Question No. 5, then proceed to Special Instruction No. 4.

## QUESTION NO. 6

Do you find that Defendant ILA #1316 would not have taken a materially adverse action against Plaintiff Stelly but for her charges of sexual harassment against longshoremen Duriso and Haggerty?

> Answer "Yes" or "No."
>
> Answer: _____*YES*_____

If you have answered "No" to Questions Nos. 1, 2, 3 or 4, <u>and</u> 5 or 6, then you have completed your work and your Foreperson should sign the verdict form.


## SPECIAL INSTRUCTION NO. 4

### Damages

If you answered "Yes" to Questions Nos. 1, 2, 4, and/or 6, then you must determine whether the Defendant's conduct caused Plaintiff Stelly damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff has proved liability.

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider only the following element of actual damages, and no others: the amount of back pay Plaintiff would have earned in her employment as a longshoreman if she had not been discriminated and/or retaliated against by Defendants ILA Local 21 and/or ILA #1316 to the date of your verdict, minus the amount of

earnings ~~and benefits~~ that Plaintiff received from employment during that time.

Back pay includes the amounts the evidence shows Plaintiff would have earned had she not been discriminated and/or retaliated against by Defendant(s). You must subtract the amounts of earnings ~~and benefits~~ Defendants prove by a preponderance of the evidence Plaintiff received during the period in question.

Defendants claim that Plaintiff failed to mitigate her damages. Plaintiff has a duty under the law to mitigate her damages, that is, to exercise reasonable diligence under the circumstances to minimize her damages.

To succeed on this defense, Defendants must prove, by a preponderance of the evidence: (a) that there was substantially equivalent employment available; (b) Plaintiff failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff's damages were increased by her failure to take such reasonable actions.

"Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job she was denied. Plaintiff does not have to accept a job that is dissimilar to the one she was denied, one that would be a demotion, or one that would be demeaning. The reasonableness of

18

Plaintiff's diligence should be evaluated in light of her individual characteristics and the job market.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff for the harm she has sustained.  Do not include as actual damages interest on wages.

In addition to actual damages, you may consider whether to award punitive damages.  Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff proves by a preponderance of the evidence that:  (1) the union member who engaged in the discriminatory act or practice was acting in a managerial capacity for the Defendant against whom you are awarding punitive damages; (2) the union member engaged in the discriminatory act or practice while acting in the scope of his or her employment; and (3) he or she acted with malice or reckless indifference to Plaintiff's federally protected right to be free from discrimination.

If Plaintiff has proved these facts, then you may award punitive damages, unless the Defendant(s) proves by a preponderance of the evidence that its conduct was contrary to their good-faith efforts to prevent discrimination in the workplace.

In determining whether the discriminating union member was a supervisor or manager for Defendant(s), you should consider the

19

type of authority the individual had over Plaintiff and the type of authority for employment decisions the Defendant authorized the union member to make.

An action is in "reckless indifference" to Plaintiff's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that a Defendant engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendant made good-faith efforts to prevent discrimination in union matters, you may consider whether it adopted antidiscrimination policies, whether it educated its members on the federal antidiscrimination laws, how it responded to Plaintiff's complaint of discrimination, and how it responded to other complaints of discrimination.

If you find that either Defendant acted with malice or reckless indifference to Plaintiff's rights and did not make a good-faith effort to comply with the law, then in addition to any other damages you find Plaintiff is entitled to receive, you may, but are not required to, award Plaintiff an additional amount as punitive damages for the purposes of punishing that Defendant for engaging in such wrongful conduct and deterring that Defendant and others from engaging in such conduct in the future.   You should

presume that Plaintiff has been made whole for her injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1.   How reprehensible the Defendant's conduct was.  You may consider whether the harm Plaintiff suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether the Defendant's conduct that harmed Plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff;

2.   How much harm the Defendant's wrongful conduct caused Plaintiff and could cause her in the future; and

3.   What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the Defendant's financial condition, to punish the Defendant for its conduct toward Plaintiff and to deter the Defendant and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused Plaintiff.

You may assess punitive damages against either, or both, of the Defendants, or you may refuse to impose punitive damages.  If

punitive damages are imposed on more than one Defendant, the amounts for each may be the same or they may be different.

## QUESTION NO. 7

**Title VII - Damages**

### ILA Local 21

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Stelly for the lost wages, if any, you have found Defendant ILA Local 21 caused Plaintiff Stelly?

Answer in dollars and cents, if any.

Answer: $ _____ 5,400. 00 _____

## QUESTION NO. 8

Do you find that Plaintiff Stelly failed to reduce her damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date that the hostile work environment or retaliation started?

Answer "Yes" or "No."

Answer: _____ NO _____

23

## QUESTION NO. 9

How much would Plaintiff Stelly have earned had she exercised reasonable diligence under the circumstances to minimize her damages:

Answer in dollars and cents, if any.

Answer: $  0.00

## QUESTION NO. 10

Do you find that Plaintiff Stelly should be awarded punitive damages:

Answer "Yes" or "No."

Answer:  YES

If you answered "Yes" to Question No. 10, then answer Question No. 11.

24

## QUESTION NO. 11

What sum of money should be assessed against Defendant ILA Local 21 as punitive damages?

Answer in dollars and cents, if any.

Answer: $ _200,000•00_

## QUESTION NO. 12

### Title VII - Damages

### ILA #1316

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Stelly for the lost wages, if any, you have found Defendant ILA #1316 caused Plaintiff Stelly?

Answer in dollars and cents, if any.

Answer: $ _600•00_

## QUESTION NO. 13

Do you find that Plaintiff Stelly failed to reduce her damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date that the hostile work environment or retaliation started?

Answer "Yes" or "No."

Answer: _NO_

25

## QUESTION NO. 14

How much would Plaintiff Stelly have earned had she exercised reasonable diligence under the circumstances to minimize her damages:

Answer in dollars and cents, if any.

Answer: $ _O.OO_____

## QUESTION NO. 15

Do you find that Plaintiff Stelly should be awarded punitive damages:

Answer "Yes" or "No."

Answer: _YES._____

If you answered "Yes" to Question No. **15**, then answer Question No. **16**.

## QUESTION NO. 16

What sum of money should be assessed against Defendant ILA #1316 as punitive damages?

Answer in dollars and cents, if any.

Answer: $ _100,000 • 00_____

26

## Final General Instructions

**The Verdict:**

Your verdict must represent the considered judgment of each juror. In order to return a verdict, your answers and your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous, but do not surrender your honest convictions as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Any notes that you have taken during this trial are only aids to your memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.   The notes are not evidence.   If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you should first select one of your number to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesperson here in court.

If, during your deliberations, you should desire to communicate with the Court, please express your message or question in writing signed by the Foreperson, and pass the note to the courtroom deputy who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.   I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at that time.

Remember at all times you are not partisans.  You are judges --judges of the facts.  Your sole interest is to seek the truth from the evidence in this case.

SIGNED at Houston, Texas, on this 17th day of April, 2019.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

28